UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIVERCARD, LLC,

    Plaintiff,

v.

SCOT PATRIQUIN, *et al*.,

    Defendants.

Case No. 2:13-cv-02123-LDG (NJK)

<u>ORDER</u>

The plaintiff, Rivercard, LLC, filed the instant complaint against the defendants Scot Patriquin and Patriquin Law Professional Corporation (Patriquin Law) alleging various contractual claims or, alternatively, unjust enrichment.[1]  Rivercard alleges that, in April 2010, Rivercard entered into an Escrow Agreement with Patriquin or Patriquin Law or both, in order to purchase shares of a Canadian company, Post Oak Productions, Inc.  However, the defendants breached the Escrow Agreement.  Alternatively, Rivercard alleges Patriquin made numerous false representations for his own benefit.  The parties have now filed cross-motions for summary judgment (## 25, 29).  Patriquin also moves for leave to file a surreply (#33) to respond to arguments first asserted in Rivercard's reply to its own motion.

---

[1] The Court has previously dismissed claims sounding in fraud as barred by the statute of limitations.

<u>Motion for Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

The defendants' motion for summary judgment is relatively straight-forward.  Rivercard's claims are based upon the Escrow Agreement.  A term of the Escrow Agreement is that it would be governed by the laws of Canada and the Province of Ontario.  Pursuant to Ontario law, the statute of limitations is two years.  On February 24, 2011, Rivercard sent the defendants a demand letter demonstrating the latest date by which Rivercard knew or ought to have known of its claims against the defendants.  Accordingly, pursuant to Ontario's statute of limitations, Rivercard's claims expired on February 24,

2013. However, as Rivercard did not file its complaint until November 15, 2013, nearly eight months after the statute of limitations expired, it claims are time-barred.

In its opposition, Rivercard does not contest that, pursuant to Ontario's statute of limitation, its claims are barred. Rather, Rivercard asserts only two arguments: (a) that the defendants waived their argument that Ontario's statute of limitations bars their claims argument by failing to raise this argument in their motion to dismiss, and (b) under Nevada's "borrowing statute," Nevada's six-year statute of limitation (rather than Ontario's two-year statute of limitation) governs the timeliness of Rivercard's claims. Neither of Rivercard's arguments has merit.

As Rivercard points out, the defendants filed a motion to dismiss which did not assert that these claims were barred by Ontario's statute of limitation. However, Rivercard fails to offer any authority that a defendant waives a statute of limitation affirmative defense by making a Rule 12(b) motion to dismiss which does not assert the defense. While the defenses listed at Rule 12(b)(2-5) are waived if not asserted in a Rule 12(b) motion, those listed defenses do not include a defense that a claim is barred by a statute of limitation.

The only authority proffered by Rivercard indicates that a statute of limitation defense is waived if it is not raised in defendant's responsive pleading. In this matter, the defendants' responsive pleading was their answer. A review of the defendants' answer establishes that they asserted, in their Twentieth Affirmative Defense, that the "Plaintiff's claims are barred by the applicable statute of limitation." As the defendants affirmatively asserted in their responsive pleading that the plaintiff's claims are barred by an applicable statute of limitation, they did not waive their argument.

Nevada's borrowing statute is irrelevant to whether any of Rivercard's claims are barred by Ontario's two-year statute of limitations. Pursuant to Nev. Rev. Stat. 11.020:

> When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon

4

> shall not be maintained against the person in this State, except in favor of a citizen thereof who has held the cause of action from the time it accrued.

In this matter, Rivercard's claims arise from an agreement in which it agreed that the laws of Ontario, rather than the laws of Nevada, would govern. Rivercard cannot ignore its agreement to be bound by the laws of Ontario in seeking to have this matter decided pursuant to a law of Nevada. Rather, this Court must look to Ontario law to determine whether Nevada's borrowing statute governs the timeliness of Rivercard's claims. Rivercard, however, has not identified any law of Ontario that cedes to Nevada the determination of whether Rivercard's claims are timely.

In sum, the defendants have established that Rivercard agreed that Ontario law would govern. Pursuant to Ontario's statute of limitations, Rivercard's claims are barred as untimely. Rivercard's opposition fails to offer any argument that its claims are timely under Ontario's statute of limitation.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#25) is GRANTED;

THE COURT FURTHER **ORDERS** that Plaintiff's Motion for Summary Judgment (#29) is DENIED as moot;

THE COURT FURTHER **ORDERS** that Defendants' Motion for Leave to File Surreply (#33) is DENIED as moot.

DATED this \_\_\_\_ day of August, 2015.

Lloyd D. George
United States District Judge

5