# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIVERCARD, LLC,

    Plaintiff,

v.

SCOT PATRIQUIN, *et al*.,

    Defendants.

Case No. 2:13-cv-02123-LDG (NJK)

**ORDER**

    The plaintiff, Rivercard, LLC, moves for reconsideration (#36) of this Court's decision granting summary judgment in favor of defendants Scot Patriquin and Patriquin Law Professional Corporation. The Court will deny the motion.

    Rivercard argues that the Court appears to have not considered relevant arguments that it raised "as a result of the manner in which the arguments were presented." A review of the docket and relevant papers indicates that the defendants raised and briefed their relatively straight-forward argument that Rivercard's claims are based upon the Escrow Agreement and that a term of the Escrow Agreement is that it would be governed by the laws of Canada and the Province of Ontario. Pursuant to Ontario law, the statute of limitations is two years. Rivercard, however, sent a demand letter (indicating its claims had accrued) more than two years before filing this action.

The Court considered all of the arguments that Rivercard raised in its opposition to defendants' motion.

Rivercard argues, however, that it asserted arguments relevant to the defendants' motion, not in its opposition, but in its reply to its counter-motion for summary judgment. Rivercard asserts that this was appropriate because the defendants did not provide a "legal argument" supporting their motion argument until they opposed Rivercard's counter-motion for summary judgment. The argument is without merit. The defendants' motion for summary judgment sufficiently raised and briefed the issue upon which they sought summary judgment.

Further, even had Rivercard timely asserted its relevant arguments, the Court would have reached the same result. Rivercard entered into the Escrow Agreement. Rivercard brought suit seeking damages pursuant to that Agreement. That Agreement included a provision in which Rivercard agreed to be bound by the laws of Ontario, Canada. Rivercard has not raised a triable issue of fact that it is not bound by the choice of law provision. The defendants did not waive their right to assert that, under the laws of Ontario, Rivercard's claims are untimely and barred by the statute of limitations.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Rivercard, LLC's Motion for Reconsideration (#36) is DENIED.

DATED this ____ day of August, 2015.

_____
Lloyd D. George
United States District Judge